The Kittanning Academy, Appellant, v. The Borough of Kittanning, The School District of Kittanning Borough, The County of Armstrong, and David Noble, Tax Collector of the Borough of Kittanning.

*Taxation—Exemption—Property leased for a school not exempt.*

The Act of May 14, 1874, P. L. 158, by all its terms, contemplates either ownership of buildings and adjacent real estate by the charities to be exempted, or a definite and stable dedication to charitable or public use.

A dwelling-house and property leased by a corporation for school purposes for a term of years at an annual money rental, and an agreement to pay taxes and keep property in repair, does not work an exemption from taxes assessed against the owner of the real estate which is not permanently devoted to public or charitable uses.

Argued May 9, 1898. Appeal, No. 7, April T., 1898, by plaintiff, from decree of C. P. Armstrong Co., March T., 1897, No. 66, dissolving preliminary injunction. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Hearing on bill, answer and proofs. Before RAYBURN, P. J.

It appears from the record that plaintiff's bill was brought to restrain the defendants from the levy and collection of taxes

against plaintiff's property.   Plaintiff was an incorporated com-pany for educational purposes and that it had leased a private resi-dence at a fixed annual rental, together with an agreement on its part to pay the taxes and keep the building in perfect re-pair.   The school was conducted under an agreement between the trustees and the Rev. Robert Barner, by which agreement Barner had charge of the school, lived there with his family without rent, the trustees paying for water, light and heat. Barner received all tuition fees, and employed and paid his own assistant.   He was to build up the school and do the best he could, and in case of falling behind in the paying of his assistant the trustees were to make it up.   There were thirty-four scholars who paid tuition; there were no free scholarships or charity pupils.   There was a fund or endow-ment belonging to the academy from appropriations made by the legislature, and bequests.   The court below held that the facts in the case were very similar to those in the case of Phila. v. Overseers of Public Schools, 170 Pa. 257.

The court below, upon hearing, dismissed the plaintiff's bill, and decreed that the preliminary injunction heretofore granted be dissolved.   Taxes claimed amounted to $290.   Plaintiff ap-pealed.

*Error assigned* was entry of decree, reciting same.

*M. F. Leason*, for appellant.—The Kittanning academy was never incorporated for private gain.   It is nonsectarian, and is open to all persons desiring to profit by the advantage it affords. There is no difference between the manner in which the trustees of the academy are elected and those in which the county com-missioners or any other county officers are elected.   It is treated as a public corporation.   Its accounts are audited by the county auditors.   We think, under the authority above cited, and its charter, that the Kittanning academy is a public charity : Hav-erford College v. Rhoads, 6 Pa. Superior Ct. 71.

*John T. Crawford* and *Ross Reynolds*, with them *Floy C. Jones*, for appellees.—This is an attempt to escape taxation of valuable property of a private individual under the cloak of the appellant.

Every presumption is to be made in favor of the right of taxation: Hammett v. Philadelphia, 65 Pa. 146.

Exemption, such as is provided for in act of May 14, 1874, should be strictly construed: Church of Our Savior v. Montgomery County, 10 W. N. C. 170.

An academy or educational institution must be not only founded and endowed, but also maintained by charity, if it desires to be exempt from the just proportion of the necessary burdens of government: Thiel College v. Mercer Co., 101 Pa. 530; Miller's Appeals, 10 W. N. C. 168; Phila. v. Overseers, 170 Pa. 257.

The exemption applies to property owned by the academy, not to premises occupied under lease: Phila. v. Barber, 160 Pa. 123.

Buildings outside the college grounds are not relieved from taxation because occupied by a member of the faculty: Northumberland County v. Lafayette College, 128 Pa. 132.

In none of the numerous cases have the courts recognized the right to exemption where the claimant was a mere tenant.

The court below has followed the rule observed from Academy v. Philadelphia County, 22 Pa. 496.

OPINION BY PORTER, J., July 29, 1898:

The real estate sought by this proceeding to be relieved from taxation is a dwelling house and the property of private citizens who have no right whatever to exemption. The Kittanning Academy, a corporation, leased it for school purposes for a term of years at an annual money rental, agreeing to pay the taxes and keep the premises in repair. The academy has therefore no ownership of the real estate. The exemption of it from taxation would be in relief of the owner. That the academy agreed to pay the taxes as lessees and thus indemnify the lessors does not change the fact that the property is itself primarily liable to the charge. The act of May 14, 1874, by all its terms, contemplates either ownership of buildings and adjacent real estate by the charities to be exempted, or a definite and stable dedication to charitable or public use. It enacts that "all churches, meeting houses or other regular places of stated worship with the grounds thereto annexed necessary for the occupancy and enjoyment of the same; all burial grounds,

. . . . all hospitals, universities, colleges, seminaries, academies . . . . with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same . . . . all school houses belonging to any county, borough or school district with the grounds thereto annexed . . . . all court houses and jails with the grounds thereto annexed," etc., shall be exempt.

This case requires no review of the reported opinions on the subject of charitable exemption. The character of the foundation and the method of present maintenance of the particular educational corporation before us, seem to be similar in many respects to those in the case of Phila. v. Overseers, 170 Pa. 257, and to bring this case within the ruling there made.

The important facts however upon which our judgment in this case is based are, that the real estate upon which the assessment is made is not owned by the academy; that the tax is not assessed against the academy but against the owner of the property; and that the real estate is not permanently devoted to public or charitable use. On these facts, we are of opinion that the case comes neither within the letter nor the spirit of the constitutional and legislative provisions respecting exemption of charitable institutions from taxation.

The assignments are dismissed and the decree is affirmed.